In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00101-CR
______________________________


BRIAN THOMAS GREEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. 13,168


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            The Marion County deputies' vehicle in Brian Thomas Green's rearview mirror had its
emergency lights flashing and its siren sounding, as Green dramatically accelerated the Harley-Davidson motorcycle away from them, reaching a top speed of sixty to eighty miles per hour in a
distance of approximately three-tenths of a mile before crashing into the rear of a slower-moving
motor home. After the seriously injured Green was discharged from the hospital, he was tried to a
jury for felony evading arrest.


 On appeal, Green contends the evidence is legally and factually
insufficient to support his conviction because the evidence does not establish that he knew law
enforcement personnel were pursuing him to arrest or detain him or that he made a decision to flee
from them. We disagree.
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we are required to determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).
            The evidence came entirely from three witnesses,


 Marion County Sheriff's Deputies Kathy
Wall and Frank Cason, and a private citizen, Douglas Wall. Deputies Wall and Cason were in the
sheriff's vehicle that pursued Green on this occasion. Mr. Wall was driving his motor home when
it was hit from the rear by the motorcycle. Mr. Wall is not related to Deputy Wall.
            Deputy Wall testified that she and Cason saw a motorcycle, with two passengers, run a stop
sign, that the officers began pursuing the motorcycle, and that it increased in speed dramatically and
quickly  when  the  officers  began  their  pursuit.  The  motorcycle  very  soon  crashed  into  the
rear of Mr. Wall's slower-moving motor home, knocking Green, the motorcycle driver, unconscious. 
The passenger on the motorcycle was later identified as William Shane Drayer, who gave officers
the false name of "Erickson" at the scene. Green was already accelerating the motorcycle, as he
"ran" the stop sign, accelerating immediately after making the turn past the stop sign. The deputies
activated their vehicle's emergency lights in "just a few seconds." From the turn past the stop sign
to the point of impact with the motor home was about three-tenths of a mile. At sixty miles per hour,
a vehicle would cover that distance in approximately twenty seconds. The motorcycle was going 
approximately sixty miles per hour on at least a portion of the road, which has a thirty-mile-per-hour
speed limit. The motorcycle was approximately two car lengths in front of the deputies' vehicle
when Cason activated its lights and siren. After Cason turned on the emergency lights, the
motorcycle's speed increased dramatically. 
            Deputy Cason testified that, as Green's motorcycle approached the main roadway, at which
there was a stop sign, Green failed to properly signal a turn and ran the stop sign. In response, Cason
activated his emergency lights, and Green sped up as a result. Green's motorcycle got up to "at least
eighty" miles per hour during the course of the brief chase. It appeared to Cason that the motorcycle
was essentially accelerating as fast as it could. As the deputies' vehicle turned the corner and its siren
was activated, their vehicle was approximately two to three car lengths behind the motorcycle. In
the approximately three-tenths of a mile before the motorcycle crashed into the motor home, Green
had widened the gap between the motorcycle and the deputies' vehicle "quite a bit," and the deputies
would not likely have caught Green but for the crash. There was no indication Green was trying to
evade the deputies before passing the stop sign and emerging onto the main road. In rapid
succession, Cason first activated the emergency lights, made a quick call to his dispatcher for a
license plate check, and finally activated the vehicle's siren. By that time, the motorcycle was
accelerating quickly. Cason acknowledged that the motorcycle, a Harley-Davidson, was "pretty
noisy." He believes the siren was probably louder than the engine noise from the motorcycle, though
it is possible Green may not have been able to hear the siren. After the accident, Cason learned that
Green had outstanding warrants against him and that the motorcycle had been reported stolen. 
            Mr. Wall testified that he was driving his motor home when Green's motorcycle crashed into
it. Before the motorcycle crashed into the rear of the motor home, Mr. Wall heard the deputies' siren
and looked in his rearview mirror, seeing the emergency lights. The motorcycle's impact with the
motor home knocked it forward approximately twenty-five to thirty feet, suggesting the motorcycle
was traveling fairly fast at impact. After the crash, Wall exited his vehicle and noticed that the
deputies' vehicle was still coming toward him with its emergency lights and siren still operating. Mr.
Wall noticed that the officers' vehicle was approximately 200 yards back.
            While there is some evidence raising the possibility that Green might not have noticed the
emergency lights or heard the siren of the deputies' vehicle, there is ample evidence available to the
jury that both the lights and siren were readily discernible and that, in response to the movements
of, and lights and sounds coming from, the deputies' vehicle, Green dramatically accelerated the
motorcycle he was operating to attempt to evade arrest or detention by the deputies.
            Criminal intent may be inferred from circumstantial evidence. Bustamante v. State, 106
S.W.3d 738, 740–41 (Tex. Crim. App. 2003); Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim. App.
1996).
            The evidence is legally and factually sufficient to allow the jury to conclude the State proved
Green evaded arrest as charged. We overrule his contentions of error.
 
 
 
 
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 9, 2005
Date Decided:             December 12, 2005

Do Not Publish